IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MARVIN JERELDS,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:07cv167-MP/AK**

**ANGELICA LOWE,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, has submitted a civil rights complaint (doc. 1) and been erroneously granted leave to proceed *in forma pauperis*. (Doc. 5).

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had *at least* three prior prisoner actions dismissed within this District alone on the grounds that they were frivolous, malicious, or failed to state a claim. The dismissed cases include: case 5:95CV346-V (dismissed with prejudice under §1915(d);

5:96CV122-RV (dismissed for abuse of the judicial process); and 5:96CV317-RH (dismissed for failure to state a claim). Whether or not cases were dismissed as frivolous prior to the enactment of the PLRA is irrelevant. *See* Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998), *accord* Rivera v. Allin, 144. F.3d 719, 723-30 (11th Cir. 1998). Such dismissals may still be counted as a "strike."

Plaintiff was advised of his "strikes" and that he would be required to allege an "imminent danger" in order to proceed in the future in Case No. 4:04CV07-RH/WCS. He was also warned about being honest in disclosing his prior cases at that time. Since then he has filed five more cases this year, including the present case. Unfortunately, it was not discovered that he was barred as a three striker until after he had been granted leave to proceed. That Order has been vacated.

In the present lawsuit, Plaintiff complains of that the defendant made lewd gestures at him and put her breasts on him and this does not constitute imminent danger of serious injury such as to come within the exception of 28 U.S.C. §1915.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action should be dismissed. The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Gainesville, Florida, this 23rd day of October, 2007.

Case No. 1:07CV167-MP/AK

                _s/ A. KORNBLUM_
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

      A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 1:07CV167-MP/AK